THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| REYNALDO A. MUNIZ, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. A10CA5488 JN |
| § | |
| AMERICAN HOME MORTGAGE § | |
| SERVICING, INC., § | |
| § | |
| Defendants. § | |

**DEFENDANT AMERICAN HOME MORTGAGE SERVICING, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Local Rule CV-7(e), Defendant American Home Mortgage Servicing, Inc. ("AHMSI") files its Reply to Plaintiff's More Definite Statement and Objection to Rule 12 Dismissal ("Response"), which was a response to AHMSI's Motion to Dismiss or Motion for a More Definite Statement ("Motion"). In support thereof, AHMSI states as follows:

### I.     Introduction

1.     Plaintiff's Response confirms that his Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because the Response fails to correct the deficiencies of Plaintiff's Complaint and in fact makes them worse. Like his Complaint, Plaintiff's Response appears to be an Internet pleading from the website http://remediesinrealestate.com/root/index.html that details ways to stop foreclosure and offers to draft legal documents. Plaintiff's Response is an overly-broad argument that consists of an almost identical restatement of the vague and vast conspiracies set forth in Plaintiff's Complaint. Like his Complaint, Plaintiff's Response fails to allege any facts or assert any causes of action against AHMSI.

## II. Plaintiff's Claims against Lender are not Cognizable against AHMSI

2. Just as in his Complaint, Plaintiff's Response fails to specify to whom he is referring when he uses the terms "Lender," "Agent," "Underwriter," and "Appraiser." Regardless, it is apparent from both the text of the Response and the facts of the case that Plaintiff is not referring to AHMSI. As servicer of Plaintiff's loan, AHMSI was not involved in the origination of the loan, the appraisal of the home, or the underwriting process. Therefore, claims arising out of these transactions are not cognizable against AHMSI as a matter of law and should be dismissed.

3. Further, Plaintiff's sole reference to "servicer" appears in a sentence in which he also uses the term "Lender," making it apparent that Plaintiff recognizes the distinction between the entities and that all references to Lender are not intended as references to AHMSI as servicer. *See Response pg. 7, l. 164-65.* As such, all claims made against Lender should be dismissed, as they are not cognizable against AHMSI.

## III. No Fiduciary Duty exists between Lenders and Borrowers

4. Plaintiff's Response again broadly alleges that "Agent, appraiser, trustee, Lender, et al, and each of them" owed him a fiduciary duty and breached it. *Response p. 10, l. 249.* As discussed in AHMSI's Motion, no such duty exists between lenders and borrowers under Texas law. *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 192 (S.D. Tex. 2007).

## IV. Plaintiff's Negligence Claims Remain Not Cognizable

5. Plaintiff's Response repeats the same vague allegation that various agents owed him a general duty of care, "with respect to the mortgage loan transactions and related title activities involving the Trust Property." *Response p. 10, l. 249-51.* Plaintiff alleges that a duty of care arising under TILA, HOEPA, RESPA, and Regulation X was breached by "Fidelity,

Citigroup, and Homeq," none of whom are parties to this case. *Id. at p. 11, l. 273-75*. Further, no such duty of care exists in a mortgage transaction. *1001 McKinney Ltd. V. Credit Suisse First Boston Mortgage Capital*, 192 S.W.3d 20, 36 (Tex.App.—Houston [14th Dist.] 2005, pet. denied) ("Generally, the relationship between a borrower and a lender is an arm's length business relationship in which both parties are looking out for their own interests").

### V. Plaintiff Continues to Improperly Plead Fraud Against AHMSI

6. Plaintiff's Response continues to base his fraud claims on overly-broad and non-specific allegations of unidentified representations. *Response p. 11, l. 279-93*. Plaintiff makes no allegations that AHMSI made any false representations and no allegations that Plaintiff relied on any false representations made by AHMSI. Specifically, Plaintiff's claims of fraud are alleged against "Agent," not AHMSI, and should be dismissed as a result.

### VI. Plaintiff's Claims for Breach of the Implied Covenant of Good Faith and Fair Dealing are Still Not Cognizable

7. Plaintiff's Response tries again to allege that AHMSI breached the implied covenant of good faith and fair dealing. *Response p. 12, l. 303-05*. There is no implied covenant of good faith and fair dealing under Texas law between parties to a mortgage transaction, meaning this is not a legally cognizable claim. *See Subaru of Am. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212 (Tex. 2002).

### VII. Conclusion and Prayer

8. For all the above reasons and those stated in AHMSI's Motion to Dismiss, AHMSI respectfully requests that this Court dismiss Plaintiff's Complaint. Alternatively, AHMSI requests that this Court grant its Motion for More Definite Statement and order Plaintiff to file an Amended Complaint within ten (10) days of the Court's order and dismiss this case should Plaintiff fail to do so.

Respectfully submitted,

/s/ J. Garth Fennegan
J. Garth Fennegan
Texas Bar No. 24004642
*gfennegan@settlepou.com*
Attorney-in-Charge
Daniel P. Tobin
Texas Bar I.D. 24046978
*dtobin@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR DEFENDANT,
AMERICAN HOME MORTGAGE
SERVICING, INC.